# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 487 | **DATE** | 1/28/2003 |
| **CASE TITLE** | North American Specialty Ins Co. vs. Alexandria Trucking, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for summary judgment [12-1] is granted. Judgment is hereby entered in favor of plaintiff North American Specialty Insurance Company and against defendants Alexandria Trucking Underground Construction, Inc., Gloria Alexandria and Arthur Alexandria in the amount of $127,951.65.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 29 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 16 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/28/2003 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 9 2003

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA TRUCKING UNDERGROUND CONSTRUCTION, INC., GLORIA ALEXANDRIA and ARTHUR ALEXANDRIA,<br><br>Defendants. | Case No. 02 C 0487<br><br>Magistrate Judge<br>Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff North American Specialty Insurance Company ("NAS") is surety on performance and payment bonds issued on behalf of defendant Alexandria Trucking Underground Construction, Inc. as principal in favor of the Village of Wheeling, Illinois, as obligee. NAS filed suit alleging that Defendants Alexandria Trucking, Gloria Alexandria, and Arthur Alexandria each entered into an indemnity agreement, under which the Defendants agreed to indemnify NAS from any losses and expenses incurred by NAS in resolving claims on the bonds issued on behalf of Alexandria Trucking. NAS moves for summary judgment urging that there are no disputed facts, and that it is entitled to judgment as a matter of law because the



indemnity agreement clearly and unambiguously states its terms.[1] This Court concludes that NAS is entitled to summary judgment on its claims.

## II. Facts

Plaintiff's motion for summary judgment was unopposed, leaving no dispute as to the material facts.[2] Defendants entered into an indemnification agreement, under which they agreed to indemnify NAS for all losses and expenses incurred in resolving claims on performance and payment bonds issued on behalf of Alexandria Trucking. NAS incurred losses in discharging claims made under these bonds. The losses include $108,785.96 paid to payment bond claimants and $19,165.69 paid for attorneys' fees and collateral expenses. Defendants did not indemnify NAS for these losses as they were required to do under the indemnity agreement.

## III. Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

[2] Defendants were given notice of this motion, the opportunity to respond in writing, and the opportunity to appear for oral argument. They did nothing.

favorable to the non-moving party. *Walker v. Northeast Reg. Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

In the instant case, this Court finds that the indemnity agreement is enforceable. *See Central Nat'l Ins. Co. v. Whitehall Const., Inc.*, No. 86 C 7167, 1988 WL 23789, at *10 (N.D. Ill. March 4, 1988) (finding indemnity agreement enforceable where its terms provided the surety the right to recover losses incurred); *Hanover Ins. Co. v. Smith*, 561 N.E.2d 14 (Ill. 1990). The indemnity agreement between NAS and Defendants states in part: "The [Defendants] shall exonerate, indemnify and keep indemnified [NAS] from and against any and all liability from losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) . . . ." (Pl.'s Rule 56.1 Statement of Material Facts Ex. 2 at 1.) Defendants breached the terms of the indemnity agreement by their failure to indemnify NAS.

## IV. Conclusion

For the foregoing reasons, we find that Plaintiff is entitled to judgment as a matter of law for all losses and expenses incurred in resolving the claims on bonds issued on behalf of Alexandria Trucking. Plaintiff's motion for summary judgment is granted. Judgment is hereby entered in favor of NAS and against Alexandria Trucking, Gloria Alexandria, and Arthur Alexandria in the amount of $127,951.65.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** January 28, 2003.

Copies have been mailed to:

| | |
|---|---|
| MICHAEL J. WEBER, Esq.<br>JOEL R. PAGE, JR., Esq.<br>Leo & Weber, P.C.<br>1 North LaSalle Street<br>Suite 3600<br>Chicago, IL  60602 | MICHAEL FIANDACA, Esq.<br>Fiandaca & Domico<br>6756 North Harlem Avenue<br>Chicago, IL  60631 |
| Attorneys for Plaintiff | Attorney for Defendants |